IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ELLEN MAE MEIGS,                              Case No. 1:13-cv-01869-AA
                                                  OPINION AND ORDER
          Plaintiff,

     v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

          Defendant.
_____

Marlene Yesquen
Black, Chapman, Webber & Stevens
221 Stewart Ave. Ste. 209
Medford, Oregon 97501
     Attorney for plaintiff

S. Amanda Marshall
United States Attorney
Ronald K. Silver
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

Richard M. Rodriquez
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S/ 221A
Seattle, Washington 98104
     Attorneys for defendant


1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff brings this action pursuant to the Social Security Act (the Act) to obtain judicial review of a final decision of the Commissioner. The Commissioner denied plaintiff's application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under the Act. For the reasons set forth below, the Commissioner's decision is affirmed and this case is dismissed.

## BACKGROUND

On April 16, 2010, plaintiff protectively filed applications for DIB and SSI. Tr. 201-15. Her applications were denied initially and upon reconsideration. Tr. 128-35, 145-49. On May 21, 2012, plaintiff and a vocational expert (VE) testified at a hearing before an Administrative Law Judge (ALJ). Tr. 43-75. On July 24, 2012, the ALJ issued a decision finding plaintiff not disabled. Tr. 23-42. On August 15, 2013, the Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. Tr. 1-6. Plaintiff now seeks judicial review.

Born in 1957, plaintiff was fifty-two years old as of the alleged onset date of disability. Tr. 201. Plaintiff completed the eleventh grade in high school and has past relevant work as a dining room attendant, lodging facilities manager, motel housekeeper, and motel housekeeping supervisor. Tr. 36, 48, 244.

Plaintiff alleges disability since August 2009 primarily due to fibromyalgia and resulting pain. Tr. 46-47.

### STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a

continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

## COMMISSIONER'S DECISION

The Commissioner has established a five-step sequential process for determining whether a person is disabled. <u>Bowen v. Yuckert</u>, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.

At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" since the alleged onset of her disability. Tr. 28; <u>Yuckert</u>, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At steps two and three, the ALJ found that plaintiff had a "medically severe impairment or combination of impairments" including myofascitis/fibromyalgia, shoulder tendonitis, cervical and thoracic spondylosis, lumbar osteitis, depression and anxiety; but that these impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Tr. 28, 30; <u>Yuckert</u>, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c),(d), 416.920(c),(d).

At step four, the ALJ found that plaintiff had the residual functional capacity (RFC) to perform light work with some exertional limitations, and that her RFC enabled her to perform

her past relevant work as a motel housekeeper or supervisor. Tr. 31-36; 20 C.F.R. §§ 404.1520(e),(f), 416.920(e),(f).

The ALJ did not proceed to step five, where the burden shifts to the Commissioner to show that a claimant is capable of performing other work existing in significant numbers in the national economy. See 20 C.F.R. §§ 404.1520(g), 416.920(g). Accordingly, plaintiff was found not disabled under the Act.

DISCUSSION

Plaintiff argues that the ALJ erred by: 1) rejecting the opinion of her treating physician and making improper medical findings; 2) discrediting her subjective pain testimony; 3) rejecting the statements of a lay witness; and 4) providing an inaccurate hypothetical to the vocational expert.[1]

I.    Evaluation of Medical Evidence

Plaintiff first argues that the ALJ failed to provide legally sufficient reasons, supported by substantial evidence, to reject the opinion and conclusions asserted by treating physician Dr. Johnston. Plaintiff contends that the ALJ

---

[1]Plaintiff also argues that the ALJ erred by failing to consider whether her combined impairments resulted in severe limitations. Pl.'s Opening Br. at 5, 18. However, plaintiff does not expand on this argument other than to assert that the ALJ improperly rejected Dr. Johnson's opinions and statements. Regardless, the ALJ specifically found at step two that plaintiff has a "severe combination of impairments." Tr. 28. Therefore, I decline to address this argument.

improperly substituted his own opinion and relied on the opinions of non-examining physicians.

Generally, three types of medical providers render opinions in social security cases: treating, examining, and non-examining medical providers. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). To reject the uncontroverted opinion of a treating or examining doctor, the ALJ must present clear and convincing reasons supported by substantial evidence in the record. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing Lester, 81 F.3d at 830-31). If a treating or examining doctor's opinion is contradicted by another doctor's opinion, it may be rejected by specific and legitimate reasons. Id. Plaintiff argues that the ALJ failed to meet this legal standard by discounting the opinion of Dr. Johnson, a treating physician and instead crediting the opinions of non-examining agency physicians. Given the contradiction, the ALJ was required to provide specific and legitimate reasons to reject the opinion of Dr. Johnson.

In a form completed on February 14, 2012, Dr. Johnson indicated that plaintiff could walk, stand or sit for less than two hours during an eight-hour day and would need to take a thirty minute break every fifteen minutes. Tr. 394. However, Dr. Johnson also noted that plaintiff could sit and stand for thirty minutes without changing positions. Tr. 393. Dr. Johnson stated that plaintiff's limitations resulted from "intractable pain" in

her back and arms. Tr. 392-93. Dr. Johnson opined that plaintiff has been so limited since October 2009, when she became unemployed. Tr. 396.

It is well established that an ALJ may afford less weight to medical opinions, even those of a treating physician, if not accompanied by explanations or references to clinical findings. See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (an ALJ need not accept the opinion of treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings"); see also Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996). Here, as found by the ALJ, Dr. Johnson's opinion is unsupported by the record and his own clinical notes. Notably, the ALJ described Dr. Johnson's treatment of plaintiff at length, and his records do not reflect or address functional limitations of any sort.

Instead, Dr. Johnson's records reflect plaintiff's self-reports of pain, often as 3 or 4 out of 10. However, Dr. Johnson opined in the questionnaire that plaintiff's pain averaged 7 out of 10. Tr. 33-34, 392, 440, 442, 444, 447, 452. At the same time, Dr. Johnson stated that plaintiff's "current medication help[s] pain 80%," a statement inconsistent with his opinion that she is incapable of employment. Tr. 33, 392-93; see Warre v. Comm'r Soc. Sec. Admin., 439 F.3d 1001, 1006 (9th Cir. 2006) (impairments that can be controlled effectively with medication

or treatment are not disabling for purposes of determining eligibility for benefits).

Further, the ALJ noted that Dr. Johnson's questionnaire assessment included a diagnosis of cervical radiculopathy (723.4), even though no objective evidence supported such a diagnosis and, in fact, contradicted it. Tr. 29, 33, 392, 407, 409, 438, 443. Thus, as the ALJ reasonably found, the doctor's own chart notes do not support the functional limitations asserted. Tommasetti v. Astrue, 533 F.3d 1035, 1041 (9th Cir. 2008) ("incongruity between" treating physician's questionnaire responses and the physician's medical records "provides an additional specific and legitimate reason for rejecting" the physician's opinion of the claimant's limitations).

Although plaintiff disagrees with the ALJ's interpretation of the medical record, "[w]hen the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1198 (9th Cir. 2004). Here, the ALJ provided legally sufficient reasons, supported by substantial evidence, for rejecting Dr. Johnson's opinion.

B.  Evaluation of Plaintiff's Testimony

Plaintiff next argues that the ALJ did not provide clear and convincing reasons to discount her subjective complaints of disabling pain.

When a plaintiff produces objective medical evidence of an impairment that reasonably could be expected to produce some degree of the alleged symptoms, "the ALJ can reject the claimant's testimony about the severity of [the] symptoms only by offering specific, clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); see also Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1160 (9th Cir. 2008) (unless evidence of malingering is present in the record, the ALJ must base adverse credibility finding on clear and convincing reasons). "At the same time, the ALJ is not 'required to believe every allegation of disabling pain, or else disability benefits would be available for the asking, a result plainly contrary to 42 U.S.C. § 423(d)(5)(A).'" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012) (quoting Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)).

Plaintiff testified that due to pain, she could not stand, sit or walk for more than thirty minutes at a time, and that she spent most of her time "lying on the couch in [her] pajamas." Tr. 56. Plaintiff also testified that she could lift no more than eight pounds. Tr. 62. The ALJ found plaintiff's complaints less than credible, noting that plaintiff had worked for several years after her diagnosis of fibromyalgia in 2006 and had stopped working due, in part, to reasons unrelated to disability. Tr. 33, 56, 230, 430 (noting 2006 diagnosis). The

ALJ also found that plaintiff's description of her disabilities was "so extreme as to appear implausible," and that there was "evidence of poor motivation." Tr. 33, 35. The ALJ also found that plaintiff reported improvement with medication and sought only conservative treatment. Tr. 32-33.

Plaintiff argues that even though she quit her last job after she was attacked by a co-worker, she also stopped working due to her limitations. Tr. 54-55, 230. However, as explained by the ALJ, the medical record does not reflect a change in her condition after her 2006 diagnosis of fibromyalgia to support her allegations of total disability. Tr. 33-34, 315-20 (noting 80-90% relief with medication).

The ALJ also cited medical records reflecting plaintiff's improvement with medication, tr. 64-65, 315-21, 381-82, 414, and records indicating that plaintiff's strength testing improved with distraction. Tr. 407; see Tommasetti, 533 F.3d at 1039-40 (an ALJ may infer that pain is not disabling if claimant seeks only minimal conservative treatment). The ALJ also noted plaintiff had reported to her physician a "major addiction to Norco" and her denial of the same at her next visit. Tr. 455. While an ALJ cannot reject the severity of subjective complaints solely on the lack of objective evidence, the ALJ may nonetheless look to the medical record for inconsistencies. See

Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599-600 (9th Cir. 1999).

Finally, the ALJ noted that plaintiff's reported daily activities of caring for pets, preparing meals, cleaning, doing laundry, walking, driving, grocery shopping and tending to her flowers were inconsistent with her allegations. Tr. 32, 35. While these activities may not define plaintiff's ability to work, they are nevertheless inconsistent with her allegations of complete disability. Molina, 674 F.3d at 1113 ("Even where [daily] activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.").

In sum, the reasons cited by the ALJ are supported by evidence in the record and are legally sufficient to discount plaintiff's subjective complaints of pain.

C.    Lay Witness Testimony

Plaintiff also argues that the ALJ erred in discrediting lay witness statements provided by plaintiff's husband. Tr. 260-67. However, the ALJ's findings are germane to the statements of Mr. Meigs. Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). The ALJ found that Mr. Meigs's statements were inconsistent with the objective medical evidence, and that his reports of plaintiff's activities were inconsistent with the level of

disability alleged. Tr. 35. Further, the ALJ noted that many of Mr. Meigs's statements mirrored those of plaintiff, whom he found not credible. Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2012) (holding that because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony").

Thus, the ALJ provided germane reasons to disregard Mr. Meigs's statements.

D.  Residual Functional Capacity Determination

Finally, plaintiff argues that the ALJ's RFC findings and the hypothetical provided to the VE are erroneous because they did not account for all of the functional limitations described in Dr. Johnson's report. Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the VE. Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir. 2001).

As discussed above, the ALJ properly discredited the opinion of Dr. Johnson. Further, because the ALJ's RFC determination was supported by substantial evidence, "[t]he ALJ's reliance on testimony the VE gave in response to the hypothetical therefore was proper." Bayliss, 427 F.3d at 1217;

see also Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1175-76 (9th Cir. 2008). Accordingly, I find no error.

## CONCLUSION

The ALJ's decision that plaintiff is not disabled under the Act is supported by substantial evidence in the record. Accordingly, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

IT IS SO ORDERED.

Dated this __23rd__ day of January, 2015.


_____/s/ Ann Aiken_____
Ann Aiken
United States District Judge